MINIMUM WAGES
The Commissioner of Labor has the authority to promulgate and adopt rules and regulations, in accordance with the Oklahoma Administrative Procedures Act (75 O.S. Ch. 8), wherein he states the standards used by him for determining minimum wages on public works. This office is in receipt of your opinion request wherein you ask, in effect, the following question: Since 40 O.S. 196.6 [40-196.6](A) (1971) does not specifically establish clear cut guidelines and a steadfast basis for establishing the prevailing wage rate, would the Commissioner be in violation of the law in establishing a rule whereby he stated the precise standard for determining prevailing hourly wage rates on public works? Title 40 O.S. 196.6A [40-196.6A] (1971) relates to the determination of prevailing wage rates. It provides, in pertinent part: "The Commissioner, from time to time, shall investigate and deter mine the prevailing hourly rate of wages in the localities. In deter mining such prevailing rates, the Commissioner shall ascertain and consider the applicable wage rates established by collective bargaining agreements, if any, and such rates as are paid generally within the locality. . . ." Article VI, Section 20 of the Constitution of the State of Oklahoma provides: "A Department of Labor is hereby created to be under the control of a Commissioner of Labor who shall be elected by the people, whose term of office shall be four years, and whose duties shall be prescribed by law." Title 40 O.S. 1 [40-1] (1971) provides in pertinent part as follows: "The duties and scope of the Commissioner of Labor is to carry into effect all laws in relation to labor, passed by the Legislature, in regard to the transportation, mechanical and manufacturing industries of the state; . . ." The Oklahoma Statutes further provide in 40 O.S. 196.4 [40-196.4](B) (1971), as follows: "The Commissioner may promulgate rules and regulations for the purpose of carrying out the provisions of this act in conformity with the standards prescribed herein." The title of Senate Bill 132 of the Thirtieth Oklahoma Legislature, enacted as Chapter 334, Oklahoma Session Laws, 1965 (40 O.S. 196.1 [40-196.1] through 40 O.S. 196.12 [40-196.12]), provides in pertinent part as follows: "An Act relating to labor; declaring it to be the public policy to pay wages prevailing in the area to workmen on public projects; defining terms; requiring the payment of such wages to such workmen and limiting the class affected; making enforcement the responsibility of the Commissioner of Labor and delegating to him authority to make regulations to discharge such responsibilities; . . ." The general rule of law in this area is stated in 73 C.J.S. Public Administrative Bodies and Procedure, 94, which states in part as follows: "A public administrative body may make only such rules and regulations as are within the limits of the powers granted to it and within the boundaries established by the standards, limitations, and policies of the statutes giving it such power, and it may go no further than to make administrative rules and regulations which fill in the interstices of the dominant enactment. . . ." It is apparent from reading the above-cited material, that the Oklahoma Legislature intended that the State Labor Commissioner effectuate the purposes of the statutes governing minimum wages on public works, as necessary, by the promulgation of rules and regulations. Such rules must not, of course, exceed the authority granted to the Commissioner by the Prevailing Wages Act and must comply with other applicable provisions of the state statutes. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The Commissioner of Labor has the authority to promulgate and adopt rules and regulations, in accordance with the Oklahoma Administrative Procedures Act (75 O.S. Ch. 8), wherein he states the standards used by him for determining minimum wages on public works. (James C. Peck)